George P. Angelich
Patrick A. Feeney
**ARENT FOX LLP**
1301 Avenue of the Americas
Floor 42
New York, NY 10019-6040
Telephone: (212) 484-3900
Facsimile: (212) 484-3990
George.Angelich@arentfox.com
Patrick.Feeney@arentfox.com

Justin A. Kesselman (*pro hac vice* pending)
**ARENT FOX LLP**
800 Boylston Street
Floor 32
Boston, MA 02199-7637
Telephone: (617) 973-6100
Facsimile: (617) 367-2315
Justin.Kesselman@arentfox.com

*Proposed Counsel for Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CFX US CO., INC.,[1]<br><br>    Debtor. | Chapter 11<br><br>Case No. 22-10022 (DSJ) |
| In re:<br><br>CFX CDO CO., INC.,<br><br>    Debtor. | Chapter 11<br><br>Case No. 22-10023 (DSJ) |

**MOTION OF DEBTORS FOR ENTRY OF
ORDER PURSUANT TO BANKRUPTCY RULE 1015(b)
<u>DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES</u>**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: CFX US Co., Inc. (5846) and CFX CDO Co., Inc. (1390). The location of the Debtors' service address is: Arent Fox LLP, Attn: George P. Angelich, 1301 Avenue of the Americas, Floor 42, New York, New York 10019.

CFX US Co., Inc. and CFX CDO Co., Inc., the debtors and debtor-in-possession (the "Debtors" or the "Company") in the above-captioned chapter 11 cases, by and through their proposed counsel, hereby file this motion (the "Motion") pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeking entry of an order substantially in the form attached hereto as **Exhibit A** (the "Order") directing joint administration of the Debtors' chapter 11 cases. In support of this Motion, the Debtors respectfully state as follows:

## BACKGROUND

1. On January 11, 2022 (the "Petition Date"), the Debtors filed petitions for relief under subchapter V of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are authorized to continue to operate their business and manage their assets as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

2. The Company operated a cosmetics and skincare company with a focus on clean, high-performance, vegan, and cruelty-free products. Prior to the COVID-19 pandemic, the Company's products were primarily sold through dedicated cosmetic retailers and department stores, as well as through an e-commerce platform. In 2020 and 2021, Sephora and Ulta, the Company's largest customers, determined they would no longer order product for their brick-and-mortar operations.

3. In August 2021, the Company began to explore strategic alternatives, including a sale of the business. SSG Capital Advisors, LLC ("SSG") was retained to serve as its investment banker. SSG contacted a total of 276 parties. Of those, 38 parties executed NDAs to access the data room maintained by SSG. Ultimately, four parties submitted indications of interest in a potential transaction.

4. On December 23, 2021, following extensive discussions, negotiations, and diligence with multiple parties, the Company sold the brand, e-commerce platform and inventory to AS Beauty Group, LLC ("AS Beauty") in exchange for: (i) $1 million in cash consideration; and (ii) an earn-out of 7.5% on net sales for thirty (30) months (the "AS Beauty Sale"). The Company retained its cash, receivables existing as of the closing, and other assets.

5. The Debtors commenced these chapter 11 cases to preserve and collect their remaining assets, while the transition to the buyer continues for a period during the pendency of these cases. It will also ensure an orderly and equitable court-supervised process culminating in meaningful distributions to their secured and unsecured creditors. The Debtors' success in chapter 11 relies upon the approval of a timeline that ensures all parties-in-interest receive sufficient notice of the commencement of these cases, the proposed Plan, the Objection Deadline, and other significant dates, while also scheduling the Confirmation Hearing.

6. Additional factual background regarding the Debtors, including their business operations, capital and debt structure, and the events leading to the filing of this chapter 11 case, is set forth in more detail in the *Declaration of Michael Long in Support of "First Day" Motions* (the "Long Declaration") filed contemporaneously herewith.

## JURISDICTION AND VENUE

7. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory basis for the relief requested herein is Bankruptcy Rule 1015(b).

## RELIEF REQUESTED

8. Pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Debtors by this motion request the Court enter an order directing that their bankruptcy cases be jointly administered for procedural purposes only, such that a single docket and file for both jointly administered cases, under the case number assigned to CFX US Co., Inc., is utilized for matters relating to the administration of their respective estates, and for the filing of all pleadings, notices, orders and other papers for either of the Debtors. The Debtors request that these chapter 11 cases be jointly administered under the following consolidated caption:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CFX US CO., INC., *et al.*,[1] | Case No. 22-10022 (DSJ) |
| Debtors. | (Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: CFX US Co., Inc. (5846) and CFX CDO Co., Inc. (1390). The location of the Debtors' service address is: Arent Fox LLP, Attn: George P. Angelich, 1301 Avenue of the Americas, Floor 42, New York, New York 10019.

9. The Debtors further request that the Court enter a notice substantially similar to the language that follows on the docket for the case of CFX CDO Co., Inc. to reflect this order of joint administration:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of the chapter 11 cases of CFX US Co., Inc. and CFX CDO Co., Inc. The docket in Case No. 22-10022 (DSJ) should be consulted for all matters affecting the cases.

AFDOCS/24587527.1

10. Finally, the Debtors seek authority to file the monthly operating reports required by the *Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees*, issued by the Office of the United States Trustee for Region 2 (revised December 14, 2017), on a consolidated basis.

**BASIS FOR RELIEF**

11. Pursuant to Bankruptcy Rule 1015(b), if "two or more petitions are pending in the same court by . . . a debtor and an affiliate, the court may order a joint administration of the cases." Both Debtors are 100% owned by non-debtor entity Cover FX Skin Care Holdings ULC, and are affiliates as such term is defined in Bankruptcy Code section 101(2). The Court is therefore authorized to grant the relief requested herein.

12. As set forth in the Long Declaration, the Debtors seek to accomplish an expeditious and efficient chapter 11 process and confirmation of the *Joint Chapter 11 Plan of Liquidation* (the "Joint Plan"), in order to ensure the Debtors have sufficient resources and workforce to bring these cases to their conclusion. Joint administration will reduce the cost to each individual estate by relieving the Debtors of the need to prepare, replicate, file, and serve duplicate pleadings and notices. Joint administration will also more efficiently utilize judicial resources, by relieving the Court of entering duplicative orders and maintaining duplicative dockets.

13. All parties in interest, including the United States Trustee and the trustee appointed pursuant to section 1183 of the Bankruptcy Code (the "Subchapter V Trustee"), will also be spared from reviewing duplicate pleadings and papers, and so they will likewise benefit. Further, the joint administration of these chapter 11 cases will promote efficiency and preserve resources by ensuring that only a single Subchapter V Trustee is appointed to help facilitate confirmation of the Joint Plan. Joint administration of these cases will not adversely affect either Debtors' constituencies because this Motion only seeks administrative consolidation of the Debtors' estates.

5

Therefore, it is appropriate and necessary to jointly administer these chapter 11 cases for procedural purposes only.

## NOTICE

14. Notice of this Motion has been provided to: (a) the Office of the United States Trustee; (b) any Subchapter V Trustee, once appointed; (c) each Debtor's 20 largest unsecured creditors; and (d) any party that has requested notice pursuant to Federal Rule of Bankruptcy Procedure 2002. The Debtors respectfully submit that notice has been adequate for the relief requested.

## NO PRIOR REQUEST

15. The Debtors have not made any prior request to this or to any other court for the relief sought herein.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein, substantially in the form of **Exhibit A**, and such other and further relief as is just and appropriate.

| | |
|---|---|
| Dated: New York, NY<br>January 11, 2022 | **ARENT FOX LLP**<br><br>By: /s/ *George P. Angelich*<br>George P. Angelich<br>Patrick A. Feeney<br>1301 Avenue of the Americas, Floor 42<br>New York, New York 10019<br>Telephone: (212) 484-3900<br>Facsimile: (212) 484-3990<br>Email: George.Angelich@arentfox.com<br>            Patrick.Feeney@arentfox.com<br><br>-and-<br><br>Justin A. Kesselman (*pro hac vice* pending)<br>Arent Fox LLP<br>800 Boylston Street<br>Floor 32<br>Boston, MA 02199-7637<br>Telephone: (617) 973-6100<br>Facsimile: (617) 367-2315<br>Justin.Kesselman@arentfox.com<br><br>*Proposed Counsel for the Debtors and Debtors-in-Possession* |